**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | |
|---|---|
| MARVELLE J. BALLENTINE,<br><br>          Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br>ACCENTURE LLP, TASKUS, INC.,<br>GENPACT USA, INC., DEVIN S.<br>ANDERSON, KIRKLAND & ELLIS<br>LLP; and CHRISTOPHER W.<br>KEEGAN,<br><br>          Defendants. | CASE NO. _____ |

## NOTICE OF REMOVAL

Defendant Accenture LLP ("Accenture") hereby gives notice and removes this action from the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida (the "State Court Action") to the U.S. District Court for the Middle District of Florida. This removal is made pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

Accenture appears for the purpose of removal only and reserves all available rights and defenses.

## STATEMENT OF JURISDICTION

1.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Accenture in the State Court Action are attached.  The State Court Complaint is attached as Ex. 1 (State Ct. Compl.).  All other process and pleadings filed in the State Court Action are attached as Composite Ex. 2.

## THE REMOVED ACTION

3.      Plaintiff Marvelle J. Ballentine ("Plaintiff"), proceeding *pro se*, continues to abuse the court system and waste judicial resources by filing the instant action in Florida state court after suing defendants in federal courts in California and Florida for collectively the exact same claims.  In fact, the instant action is the fourth lawsuit that Plaintiff has filed against some combination of defendants across California and Florida federal and state courts.  Plaintiff is plainly forum-shopping, and Accenture should not have to proceed in state court when all defendants have diverse citizenship, with the exception of Kirkland & Ellis LLP ("Kirkland"), which has been fraudulently joined so that Plaintiff can proceed in state court.  Accenture has already begun to respond to Plaintiff's same claims in federal court, and it should not have to respond to the claims again in state court simply because of the fraudulent joinder of Kirkland.

4.      As relevant here for removal purposes, Plaintiff asserts that the law firm Kirkland, among others, made statements as counsel for Accenture in judicial

proceedings in California that caused him harm.  Plaintiff's addition of Kirkland as a defendant purports to destroy diversity because both Plaintiff and Kirkland are citizens of Florida.  But Plaintiff's claims against Accenture's counsel are not colorable because the statements made by Kirkland attorneys are unequivocally protected by Florida's litigation privilege.  Plaintiff has thus fraudulently joined Kirkland as a party to this action in an effort to proceed in state court.  As a result, the Court can ignore the citizenship of Kirkland and find that diversity jurisdiction exists such that this state-court action is properly removed to federal court.

**I.      Plaintiff First Sues Accenture and Meta in Federal Court in California for Discrimination.**

5.      Last fall, Plaintiff sued Accenture and Meta Platforms, Inc. ("Meta") in the U.S. District Court for the Northern District of California (the "California Complaint").  *See Ballentine v. Meta Platforms, Inc., et al.*, Case No. 3:25-cv-07671-CRB (N.D. Cal. Sept. 9, 2025) (the "California Action").  Kirkland represented Accenture as counsel in the California Action, and Plaintiff was *pro se*.

6.      Plaintiff alleged in the California Complaint that Meta terminated his Facebook advertising account "under its 'Child Sexual Exploitation' [("CSE")] policy without providing any specifics on the alleged violation."  Ex. 3 (Cal. Compl.) ¶ 46. Plaintiff asserted, however, that the real reason Meta terminated his account was, not because it violated any Meta policy, but because Meta allegedly wanted "to eliminate Black business owners from Facebook's digital marketplace."  *Id.* ¶ 1.  The California Complaint alleged that Accenture—a service provider that supports Meta's content-

moderation efforts—assisted Meta in reviewing Plaintiff's account. *Id.* ¶¶ 2, 7, 21. The California Complaint asserted four discrimination-related claims against Accenture and Meta. *Id.* ¶¶ 94–161.

**II.      Accenture Files a Motion to Dismiss the California Action, Signed by Kirkland on Behalf of Accenture.**

7.      Accenture moved to dismiss the California Action. In the section titled "Background," Accenture's motion recounted the allegations in the California Complaint, including that, "[a]fter Accenture's review, Meta terminated Ballentine's account under its CSE policy." Ex. 4 (Oct. 16, 2025 Mot. to Dismiss) at 2–3.

8.      The motion also explained that each claim Plaintiff asserted against Accenture in the California Action required a showing of racial animus. *See id.* at 5–11. To make this showing, the California Complaint had to plausibly allege that, "but for" racial discrimination, Plaintiff's Facebook account would not have been terminated. *See id.* at 10–11. The motion argued that the California Complaint failed to allege racial animus because the California Complaint was silent on whether there were independent, *non-discriminatory* reasons for the account termination. The motion to dismiss stated: "An alternative explanation for Accenture's recommendation—a legitimate community standards violation by Ballentine—is consistent with the facts alleged in the complaint." *Id.* at 11.

9.      One day after Accenture filed its motion to dismiss, Plaintiff amended his complaint. Accenture then filed its motion to dismiss the amended complaint, stating: "An alternative explanation for Accenture's recommendation—a legitimate

violation of another community standard *unrelated to CSE*—is consistent with the facts alleged in the complaint."  Ex. 5 (Oct. 31, 2025 Mot. to Dismiss) at 10 (emphasis added).

**III.   Plaintiff Sues Accenture and Its Counsel in Florida Federal Court Asserting Tort Claims Based on Accenture's Motion to Dismiss the California Action.**

10.   On February 9, 2026, Plaintiff sued Meta, Accenture, Kirkland, and an individual Kirkland attorney, Devin S. Anderson ("Anderson"), in federal court in Florida ("Federal Tort Compl.") asserting three tort claims:  defamation (libel), civil conspiracy to defame, and intentional infliction of emotional distress ("IIED"). *Ballentine v. Anderson. et al.*, Case No. 6:26-cv-00286-AGM-DCI (M.D. Fla. Feb. 9, 2026) (the "Federal Tort Action").

11.   All three tort claims arose from the statements made in Accenture's motion to dismiss filed in the California Action.  As Plaintiff plainly stated, "[t]his action arises from defamatory statements published by Accenture LLP, through its counsel Devin S. Anderson of Kirkland & Ellis LLP, in federal court filings…."  Ex. 6 (Federal Tort Compl.) ¶ 1.

12.   Two days later, on February 11, 2026, Plaintiff amended the complaint, adding as a defendant Christopher W. Keegan ("Keegan"), also a Kirkland attorney who was counsel for Accenture in the California Action.  Ex. 7 (First Am. Federal Tort Compl.).  Plaintiff asserted claims of IIED and civil conspiracy against Keegan based on statements made by Keegan on behalf of Accenture in email communications to Plaintiff during the course of the California Action.  *See id.*

13.    With regard to jurisdiction over the defendants, Plaintiff incorrectly alleged: "Defendant [Kirkland] is a limited liability partnership whose partners are each citizens of States other than Florida; none is a citizen of Florida.  Accordingly, Kirkland & Ellis is not a citizen of Florida for purposes of diversity jurisdiction." *Id.* ¶ 13.

14.    On February 18, 2026, this Court, *sua sponte*, entered an Order to Show Cause why Plaintiff's complaint should not be dismissed for lack of diversity jurisdiction. *See* Ex. 8 (Order to Show Cause).  The Order to Show Cause explained that Plaintiff had "not properly alleged the citizenship of Accenture or Kirkland" and that, "to properly allege the citizenship of Accenture and Kirkland, [Plaintiff] must provide the Court with a list identifying the citizenship of each member of Accenture and Kirkland." *Id.* at 2–3.

15.    On February 19, 2026, Plaintiff sought and obtained leave to amend the Federal Tort Complaint for a second time, this time to remove Kirkland and Accenture as defendants.  Because Kirkland was the only defendant in the Federal Tort Action with Florida citizenship, its removal as a party allowed the Court to exercise diversity jurisdiction over the Federal Tort Action—and allowed Plaintiff to keep his Federal Tort Complaint in federal court.

## IV.    Plaintiff Abandons His California Action and Files the Same Discrimination Claims In Florida Federal Court.

16.    After Meta and Accenture had fully briefed their motions to dismiss and before the California court was scheduled to hold argument on the motions, Plaintiff

abandoned his California Action and refiled the exact same discrimination claims in federal court in Florida. *Ballentine v. Meta Platforms, Inc. et al.*, Case No. 6:26-cv-00376-AGM-DCI (M.D. Fla. Feb. 17, 2026).

**V.    Plaintiff Files This Action in State Court, Including All Claims Asserted in Federal Court and Adding Accenture's Law Firm, Kirkland, As a Party.**

17.    After this Court raised the issue of Kirkland's citizenship in the Federal Tort Action, Plaintiff dismissed Kirkland from the Federal Tort Complaint. Instead of proceeding solely in federal court with his claims against the other defendants, however, Plaintiff initiated this action in the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida to proceed in parallel in state court.

18.    On March 2, 2026, Plaintiff initiated this action by filing what he referred to as an "Omnibus Complaint" (the "State Court Complaint"). The State Court Complaint asserts identical claims from both the California Action (discrimination claims) and the two Florida federal lawsuits (discrimination and tort claims) against all defendants in the federal actions and additionally includes Kirkland as a defendant. *See Ballentine v. Meta Platforms, Inc., et al.*, No. 35-2026-CA-000494 (Fla. 5th Cir. Ct. Mar. 2, 2026). In total, the State Court Complaint asserts seven claims against seven defendants. *See* Ex. 1 (State Ct. Compl.) ¶¶ 106–72.

19.    It is this State Court Action that Accenture now removes.

20.    Three of the State Court Action's seven claims are the same three tort claims originally asserted in the original Federal Tort Action against Accenture, Kirkland, and Kirkland attorney Anderson: defamation, conspiracy to defame, and

IIED. These three claims are based on the same statements from Accenture's motion to dismiss filed in the California Action.

21. Specifically, Plaintiff alleges that Accenture, Kirkland, and Anderson made defamatory statements in Accenture's motion to dismiss when they argued that the California Complaint did not state a claim for racial discrimination, *id.* ¶¶ 120–23; and Accenture, Kirkland, and Anderson's conduct constituted IIED when "Accenture, through Anderson and Kirkland, published on a public federal docket the assertion that Plaintiff committed 'a legitimate community standards violation' …," *id.* ¶¶ 133–37.

## VI.   Plaintiff Admits That All Actions Involve Common Claims Arising Out of "Same Transactions and Occurrences."

22. Plaintiff filed a notice of related actions in state court, explaining that all of his lawsuits involve "common parties, overlapping facts, or claims arising from the same transactions and occurrences." Ex. 9 (Notice of Pendency of Related Actions) at 1. Plaintiff further stated that the purpose of the notice that he filed was to "ensure the Court and all parties are aware of the related proceedings, to facilitate coordination where appropriate, and to avoid inconsistent rulings." *Id.* at 3.

23. For clarity, the current postures of the various lawsuits are as follows:

| Complaint | Date Filed | Court | Claims | Defendants | Status |
|---|---|---|---|---|---|
| **California Complaint** | Sept. 9, 2025 | N.D. Cal. | Discrimination | Accenture Meta | Voluntarily Dismissed |
| **Federal Tort Complaint** | Feb. 9, 2026 | M.D. Fla. | Tort | Meta Anderson Keegan[1] | Motion to Dismiss Pending |
| **Federal Discrimination Complaint** | Feb. 17, 2026 | M.D. Fla. | Discrimination | Accenture Meta Genpact TaskUs | Motion to Dismiss Pending |
| **State Court Complaint** | Mar. 2, 2026 | Fla. 5th Cir. Ct. | Tort | Accenture Meta Anderson Keegan **Kirkland** | Removed to Federal Court |
| | | | Discrimination | Accenture Meta Genpact TaskUs | |

## VII.    All Defendants in the State Court Action Are Diverse Except Kirkland.

24.    All defendants to the State Court Action are diverse except for Kirkland.

25.    Plaintiff is domiciled in Florida and is, therefore, a Florida citizen.  Ex. 1 (State Ct. Compl.) ¶ 18.  *See, e.g.*, *Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021) (an individual is a citizen of the state in which he is domiciled).

---

[1]    Plaintiff originally filed the Federal Tort Complaint against Accenture and Kirkland but then dropped those parties after this Court issued an Order to Show Cause.  *See* Ex. 10 (Second Am. Federal Tort Compl.).

26.     Defendant Meta is a Delaware corporation with its principal place of business in California and is, therefore, a citizen of Delaware and California.  Ex. 1 (State Ct. Compl.) ¶ 20.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

27.     Defendant Accenture is an Illinois limited liability partnership with a total of two partners: Accenture Inc. and Accenture LLC.  Accenture Inc. is a Delaware corporation with its principal place of business in Illinois.  Accenture LLC is a Delaware limited liability company and is wholly owned by Accenture Sub, Inc.  Accenture Sub, Inc. is a Delaware corporation with its principal place of business in Illinois.  Defendant Accenture is, therefore, a citizen of Illinois and Delaware, not of Florida.  *See* Ex. 1 (State Ct. Compl.) ¶ 21.

28.     Defendant TaskUs is a Delaware corporation with its principal place of business in Texas and is, therefore, a citizen of Delaware and Texas.  Ex. 1 (State Ct. Compl.) ¶ 22.  *See* 28 U.S.C. § 1332(c)(1).

29.     Defendant Genpact is a Bermuda corporation with its principal place of business in New York and is, therefore, a citizen of Bermuda and New York.  Ex. 1 (State Ct. Compl.) ¶ 23.  *See* 28 U.S.C. § 1332(c)(1).

30.     Defendant Anderson is domiciled in Utah and is, therefore, a Utah citizen.  Ex. 1 (State Ct. Compl.) ¶ 24.

31.     Defendant Keegan is domiciled in California and is, therefore, a California citizen.  *Id.* ¶ 26.

32.    The State Court Action alleges that Defendant Kirkland is "a limited liability partnership whose partners are each citizens of States other than Florida." *Id.* ¶ 25.    This allegation is incorrect.    *See* Kirkland & Ellis LLP website, https://www.kirkland.com/offices/miami (showing that Kirkland has an office in Miami, Florida with partners located in Florida); *see also Worldwide Aircraft Servs., Inc. v. United Healthcare*, 2025 WL 3312169, at *1 n.1 (M.D. Fla. Nov. 28, 2025) (accepting place of citizenship based on counsel's representations and judicial notice of website). Kirkland, thus, is the only defendant with Florida citizenship.  *See, e.g.*, *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (a limited liability partnership is a citizen of each state in which any of its partners are citizens).

### PROCEDURAL ISSUES

33.    Removal is timely under 28 U.S.C. § 1446(b).  Accenture received a copy of the State Court Complaint when it was served on March 9, 2026 and is therefore removing within the requisite 30-day period.  *See* 28 U.S.C. § 1446(b)(1).  ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

34.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), the "properly joined and served" defendants "join in or consent to the removal of the action."    28 U.S.C. § 1446(b)(2)(A).  The only other properly joined and served defendant in the State

Court Action is Kirkland, which does not have to join or consent.  *See Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 540 n.5 (11th Cir. 2015).

35.    Venue is proper for purposes of removal under 28 U.S.C. § 1441(a) because this is the U.S. District Court for the district where the State Court Action is pending.  The Circuit Court of the Fifth Judicial Circuit, Lake County, Florida is located within the Middle District of Florida.

## GROUNDS FOR REMOVAL

36.    This action is properly removed because this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Excluding the fraudulently joined defendant Kirkland, the State Court Action is a civil action between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## I.    Complete Diversity of Citizenship Exists Because Kirkland's Citizenship Should Be Disregarded.

37.    This Court should disregard Kirkland's Florida citizenship for purposes of removal because Plaintiff fraudulently joined Kirkland to the State Court Action.

38.    "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1272 (M.D. Fla. 2021) (citation omitted).  The doctrine prevents a plaintiff from defeating diversity jurisdiction by naming a non-diverse defendant "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."  *Id.*  This Court should find a fraudulent joinder

where the complaint does not disclose any "facially colorable" claims against the non-diverse party. *Vestal v. First Recovery Grp., LLC*, 292 F. Supp. 3d 1304, 1308 (M.D. Fla. 2018).

39.     Because there is no possibility that Plaintiff can prove a cause of action against Kirkland—and all other defendants are diverse—this Court should disregard the citizenship of Kirkland and retain diversity jurisdiction over the State Court Action. *See e.g.*, *Restivo*, 618 F. App'x at 540; *Scott*, 528 F. Supp. 3d at 1274; *Vestal*, 292 F. Supp. 3d at 1308; *Noyes v. Universal Underwriters Ins. Co.*, 3 F. Supp. 3d 1356, 1360 (M.D. Fla. 2014).

### A.     The Tort Claims Are Not Colorable Because They Are Barred by Florida's Litigation Privilege.

40.     The only claims asserted against Kirkland in the State Court Action are defamation, conspiracy to defame, and IIED—each based entirely on statements made in Accenture's motion to dismiss signed by Kirkland attorneys on behalf of Accenture. Because these statements are absolutely immune from tort liability under Florida's litigation privilege, there is no possibility that Plaintiff can state a claim against Kirkland. *See, e.g.*, *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011) (affirming the district court's finding of fraudulent joinder where the claims against the non-diverse party were "neither 'colorable' nor 'plausible'" because they were barred by the "absolute litigation privilege"); *Curley v. Mercury Ins. Servs., LLC*, No. 21-12259, 2022 WL 445633, at *3 (D.N.J. Feb. 10, 2022) ("[W]hen courts in this district have found fraudulent joinder, 'they have nearly always done so'

13

because the claim was based on a 'legal impossibility,' such as statute of limitations, *the absolute litigation privilege*, or ripeness." (emphasis added)).

41.     Under Florida law, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding" because "participants in litigation must be free to engage in unhindered communication" and "to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So.2d 606, 608 (Fla. 1994)).

42.     This Court has determined that alleged defamatory statements made in court filings are "categorically immune from liability under the litigation privilege doctrine." *United States v. Madison*, 2025 WL 3623726, at *10 (M.D. Fla. Dec. 15, 2025).  This Court has also broadly applied the privilege beyond defamation claims to other tort claims, including intentional infliction of emotional distress.  *See Medina Wright Berry Medina Wright v. Medina*, 2013 WL 12156046, at *7 (M.D. Fla. July 12, 2013) (dismissing claim for IIED on the basis that "the assertion of intentional infliction of emotional distress cannot be used to circumvent the immunity afforded to litigation conduct"); *see also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) ("The litigation privilege applies across the board to actions

14

in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin.").

43.     Accordingly, there can be no doubt Plaintiff's alleged tort claims against Kirkland arising from statements made in a court-filed motion to dismiss are barred by the litigation privilege. *See e.g.*, *Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 773 F. Supp. 3d 1304, 1313 (M.D. Fla. 2025) (determining that Florida's litigation privilege applies when the "defamatory statements at issue were made … in pleadings or documents filed with the court" (citation omitted)).

**B.     The Tort Claims Are Not Colorable Because Plaintiff's Allegations Fail to State a Claim.**

44.     As set forth more fully in the motion to dismiss that Anderson and Keegan filed in the Federal Tort Action, Ex. 11 (Anderson & Keegan's Mot. to Dismiss, Federal Tort Action) at 14–20, Plaintiff's claims against Kirkland are not colorable for the additional, independent reason that the State Court Complaint fails to state a claim as a matter of law. *See Scott*, 528 F. Supp. 3d at 1273–74 (concluding that the non-diverse defendant was fraudulently joined because the plaintiff "failed to establish a claim for intentional infliction of emotional distress against [the defendant] as a matter of law").

45.     **Defamation**. Plaintiff's claim for defamation is not colorable because the statements made in Accenture's motion to dismiss the California Action were neither false nor defamatory. *See Grayson v. No Labels, Inc.*, 599 F. Supp. 3d 1184, 1188 (M.D. Fla. 2022). Accenture's motion pointed out that the California Complaint

failed to allege that Ballentine did *not* commit a community standards violation, leaving open the possibility that he did.  That is a completely normal argument in a motion to dismiss and is a true statement or, at most, an opinion about the public California Complaint that is "not actionable in a defamation suit."  *Turner v. Wells*, 879 F.3d 1254, 1261–64 (11th Cir. 2018).  Importantly, Plaintiff never alleges that this statement about the California Complaint is false.  In addition, the statements in Accenture's motion are not defamatory or harmful to Plaintiff.  The alleged defamatory statements describe what the California Complaint said (or did not say)—not what Plaintiff actually did with respect to his Facebook advertising account—so the statements are "not susceptible to a defamatory interpretation."  *Hallmark Builders, Inc. v. Gaylord Broad. Co.*, 733 F.2d 1461, 1464 (11th Cir. 1984).  Nor does Plaintiff sufficiently state a defamation by implication claim because "the context in which the statement[s] [were] made" makes crystal clear that the motion was responding to the allegations that Plaintiff himself made in the California Complaint.  *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1107 (Fla. 2008).  It is not defamatory—whether by implication or otherwise—for a motion to dismiss a complaint that mentions Plaintiff and CSE more than seventy times to also reference Plaintiff and CSE in the course of arguing that the California Complaint did not sufficiently state a claim for racial discrimination.  These statements "could not possibly have a defamatory or harmful effect."  *Rubin v. U.S. News & World Rep., Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001).

16

46. **Conspiracy to Defame**. Plaintiff fails to state a colorable claim for conspiracy to defame because his underlying defamation fails. *See, e.g.*, *Button v. McCawley*, 2025 WL 50431, at \*11 (S.D. Fla. Jan. 8, 2025) (determining that if "the count regarding the goal of the 'conspiracy' (defamation) fails, the conspiracy count fails too"); *Rothenberg v. Knight Swift Transp.*, 2023 WL 3511271, at \*5 (M.D. Fla. Feb. 7, 2023) ("[A] claim that is found not to be actionable cannot serve as the basis for a conspiracy claim.").

47. **IIED**. Plaintiff's claim for IIED is not colorable because the alleged harmful conduct is not sufficiently "extreme and outrageous" such that it goes "beyond all possible bounds of decency" and is "regarded as atrocious, and utterly intolerable in a civilized community," as required by Florida law. *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1296 (M.D. Fla. 2006) (quoting *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla. 1985)). The statements made in Accenture's motion to dismiss alone do not come close to satisfying this "high burden under Florida law," and there is, therefore, "no possibility" that Plaintiff can state a IIED claim against Kirkland. *Scott*, 528 F. Supp. 3d at 1273–74. Furthermore, Florida's single action rule independently bars Plaintiff's IIED claim against Kirkland because the claim is based on the same statements made in Accenture's motion to dismiss that are also the subject of Plaintiff's defamation claim. *See Cherdak v. Cottone*, 2023 WL 2044608, at \*6 (M.D. Fla. Feb. 16, 2023) ("[E]ven in the absence of litigation privilege, [plaintiff's] intentional infliction of emotional distress claim would still be improper

17

because it is merely a restatement of his defamation claim." (citation omitted));

*Patterson v. Meredith Corp.*, 2018 WL 11649577, at *2 (M.D. Fla. Nov. 9, 2018) ("[T]he

IIED claims cannot continue because they are based on the same alleged defamation,

thus running afoul of Florida's single action rule.").

48.    Plaintiff does not have a colorable claim against Kirkland.

**II.    The Amount in Controversy Exceeds $75,000.**

49.    Section 1332(a) requires that the amount in controversy "exceeds the

sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

50.    Plaintiff alleges damages "in an amount not less than $250,000,000" in

the State Court Action. Ex. 1 (State Ct. Compl.) at 36. Plaintiff's allegation satisfies

the amount-in-controversy requirement, although Accenture does not concede that

Plaintiff is entitled to any damages and reserves all rights and defenses to such claims.

**NOTICE TO ADVERSE PARTY AND STATE COURT**

51.    Pursuant to 28 U.S.C. § 1446(d), Accenture is serving written notification

of the removal of this case via email and FedEx on Plaintiff at the address identified

below:

>Marvelle J. Ballentine
>7862 W. Irlo Bronson Memorial Hwy.
>#82
>Kissimmee, FL 34747
>jayballentine@protonmail.com

52.    Pursuant to 28 U.S.C. § 1446(d), Accenture will promptly file a Notice

of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the

Circuit Court of the Fifth Judicial Circuit, Lake County, Florida.

*    *    *

53.    Accenture reserves the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions Plaintiff may set forth in a motion to remand.

## CONCLUSION

54.    Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Accenture hereby removes this action from the Circuit Court of the Fifth Judicial Circuit, Lake County, Florida to the U.S. District Court for the Middle District of Florida.


Dated: March 25, 2026                    Respectfully submitted,

                                         /s/ Marianna C. Chapleau
                                         Marianna C. Chapleau
                                         *LEAD COUNSEL*
                                         Florida Bar No. 1059142
                                         KIRKLAND & ELLIS LLP
                                         Three Brickell City Centre
                                         98 S.E. 7th Street, Suite 700
                                         Miami, FL 33131
                                         Telephone: 305 432-5687
                                         Fax: 305 432-5601
                                         mchapleau@kirkland.com

                                         Devin S. Anderson (*pro hac vice forthcoming*)
                                         KIRKLAND & ELLIS LLP
                                         95 South State Street
                                         Salt Lake City, UT 84111
                                         Telephone: 801 877 8115
                                         Fax: 801 877 8101
                                         devin.anderson@kirkland.com

                                         *Counsel for Defendant Accenture LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I caused a true and correct copy of this

notice of removal to be served via email and FedEx to Plaintiff at the address below:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy.
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

/s/ *Marianna C. Chapleau*
Marianna C. Chapleau

20