# Exhibit 2

**From:** Anderson, Devin S.
**Sent:** Tuesday, October 28, 2025 10:42 AM
**To:** 'Jay Ballentine' <jayballentine@protonmail.com>
**Cc:** Keegan, Chris <chris.keegan@kirkland.com>
**Subject:** RE: Case No. 3:25-cv-07671-CRB - Request for Clarification in Forthcoming Motion

Mr. Ballentine,

We disagree with your characterization of Accenture's argument. We do not think that the motion suggested—explicitly or implicitly—that there was an actual violation of child protection laws. To the contrary, Accenture expressly acknowledged in its motion to dismiss that the complaint adequately alleges otherwise. Motion to Dismiss at 11 ("Ballentine alleges there was no CSE violation associated with his account."). And in the same discussion, Accenture argues only that the complaint "fails to allege that there was *no* community standards violation at all" because the complaint "does not describe Meta's community standards" and "does [not] detail the content of" the flagged advertisements. *Id*. Accenture's argument—which expressly accepts as true the complaint's assertion that there was no CSE violation and sets forth an alternative explanation for the recommendation that is unrelated to CSE—therefore cannot plausibly be construed to suggest there was a CSE violation.

In Accenture's forthcoming motion to dismiss, and as a courtesy, we will include language reinforcing this point. I hope this resolves your concerns.

Thank you,
Devin Anderson

**Devin S. Anderson**
---------------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
95 S State St., Salt Lake City, UT 84111

T +1 801 877 8115 M +1 703 473 1613
1301 Pennsylvania Ave., NW, Washington, DC 20004
T +1 202 389 5198

devin.anderson@kirkland.com

**From:** Jay Ballentine <jayballentine@protonmail.com>
**Sent:** Friday, October 24, 2025 4:01 PM
**To:** Anderson, Devin S. <devin.anderson@kirkland.com>
**Cc:** Keegan, Chris <chris.keegan@kirkland.com>
**Subject:** Case No. 3:25-cv-07671-CRB - Request for Clarification in Forthcoming Motion

> **This message is from an EXTERNAL SENDER**
>
> Be cautious, particularly with links and attachments.

Counsel,

Plaintiff writes regarding Accenture's anticipated response to the First Amended Complaint and to address a matter of significant concern that arose from Accenture's initial Motion to Dismiss.

Accenture's Motion to Dismiss, particularly the discussion at page 11, contains language that could be construed as suggesting Plaintiff's involvement in violations of child protection laws. While Plaintiff understands that vigorous advocacy is counsel's duty, the implications of such suggestions—even if unintended—create unique circumstances in this litigation.

Plaintiffs' history makes this not merely a personal concern, but a practical impediment to his ability to retain counsel and also impedes any potential future resolution. The current record, without clarification, makes any potential future constructive dialogue towards resolution exceptionally difficult.

Given the immutability of the public docket, the inevitability of public attention as the litigation progresses, and the highly sensitive facts surrounding the claims—including the dispositive question of whether any CyberTip report was ever filed—Plaintiff believes Accenture may derive long-term benefit from such clarification. The current posture necessitates that this threshold factual issue be definitively resolved on the public record before the parties can engage in any potential future

constructive resolution.

Plaintiff very respectfully requests that Accenture consider including a footnote in its forthcoming motion clarifying that it does not contend Plaintiff violated any child protection laws. Such clarification would:

- Accurately reflect what Plaintiff understands to be Accenture's actual position;
- Preserve all of Accenture's substantive defenses;
- Remove an unnecessary impediment to potential resolution discussions; and
- Demonstrate the professionalism that has otherwise characterized this litigation.

This request is made in good faith and with expectation that, as this matter proceeds past Rule 12 motion practice, all parties benefit from maintaining clear boundaries between legitimate legal defenses and potentially defamatory implications.

Plaintiff has committed to proceed through all phases of litigation if necessary. However, Plaintiff believes addressing this discrete issue now serves the interests of judicial economy and all parties involved.

Please respond at a time that is convenient to you.

Respectfully,

M. J. "Jay" Ballentine
Plaintiff, pro se