# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 13, 2026

Marvelle J. Ballentine
2100 THOUSAND TRAILS RD
CLERMONT, FL 34714

Appeal Number:  26-11226-C
Case Style:  In re: Marvelle Ballentine
District Court Docket No:  5:26-cv-00213-AGM-PRL

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

## For the Eleventh Circuit

––––––––––––––––––––

No. 26-11226

––––––––––––––––––––

In re: MARVELLE J. BALLENTINE,

*Petitioner.*

––––––––––––––––––––

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 5:26-cv-00213-AGM-PRL

––––––––––––––––––––

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

Marvelle Ballentine, proceeding pro se, has filed a petition for a writ of mandamus arising out of three related civil actions in the Orlando Division of the U.S. District Court for the Middle District of Florida: case numbers 6:26-cv-00286, 6:26-cv-00376, and 5:26-cv-00213. Ballentine filed all three actions against various

2                          Order of the Court                      26-11226

defendants, raising claims related to the termination of his Facebook account after that account was flagged for allegedly inappropriate material.

After Ballentine filed the instant mandamus petition on April 14, 2026, the district court granted Ballentine's motion to voluntarily dismiss case number 5:26-cv-00213 without prejudice.  In case number 6:26-cv-00376, the district court granted one of the defendant's motion to transfer the case to the U.S. District Court for the Northern District of California.  In the remaining case, case number 6:26-cv-00286, the court entered an order to show cause why the case should not be transferred from the Orlando Division of the Middle District of Florida to the Ocala Division.

In his mandamus petition, Ballentine raises multiple clams concerning case numbers 5:26-cv-00213 and 6:26-cv-00376.  As to case number 6:26-cv-00286, he asks that we order the district court to (1) reassign the case to a different district judge and magistrate judge based on the way the judges were conducting the proceedings, and (2) transfer the case from the Orlando Division to the Tampa Division.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quoting *In re Temple*, 851 F.2d 1269, 1271 (11th Cir. 1988)).  Mandamus may not be "used as a substitute for appeal, or to control decisions of the trial court in discretionary matters." *Id.* at 1004 (quoting *In re Estelle*, 516 F.2d

26-11226                    Order of the Court                    3

480, 483 (5th Cir. 1975)).  When an alternative remedy exists, even if it is unlikely to provide relief, mandamus relief is not proper. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).  The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable.  *Id.*

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals.  28 U.S.C. § 1291.

Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).  Under § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).  Similarly, under § 144, a judge must recuse if a party makes a timely and sufficient showing by affidavit that the judge "has a personal bias or prejudice" against him. *Id.* § 144.  Disqualification is only required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  This Court has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

4                    Order of the Court                    26-11226

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 960-62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may issue to correct such a decision in "exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 960-62 & n.4 (citation modified); *see id.* at 961-62 (declining to grant mandamus relief relating to a district judge's refusal to recuse himself where full review of the issue was available on appeal); *see also Moody*, 755 F.3d at 897 (explaining that review of district judge's refusal to recuse under mandamus authority was "even more stringent" than the ordinary abuse-of-discretion standard applicable to review on appeal of recusal issue, because the drastic remedy of mandamus was available only in exceptional circumstances). Where a judge's duty to recuse is either debatable or non-existent, a writ of mandamus will not issue to compel recusal. *Corrugated Container*, 614 F.2d at 960-62.

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (quotation marks omitted).

26-11226                        Order of the Court                        5

Here, Ballentine is not entitled to mandamus relief.  To the extent he requests relief in case numbers 5:26-cv-00213 and 6:26-cv-00376, these requests are moot because one case has been dismissed and the other has been transferred to the Northern District of California.  *Zinni*, 692 F.3d at 1166; *Friends of Everglades*, 570 F.3d at 1216.

This leaves only his claims concerning case number 6:26-cv-00286.  With respect to his request for reassignment of that case from the Orlando Division to the Tampa Division, he offers no argument why the Tampa Division is the appropriate venue.  To the extent that he believes the Tampa Division is the proper venue, he had the adequate alternative remedy of responding to the show cause order as to why the case should not be transferred to the Ocala Division.  *Mallard*, 490 U.S. at 309.  As for judicial reassignment, Ballentine offers no arguments for an extra-judicial source of bias in support.  He has the adequate alternative remedy of appealing the denial of his motions for such relief after the district court issues a final judgement in his civil action.  *See* 28 U.S.C. § 1291; *Mallard*, 490 U.S. at 309; *Corrugated Container*, 614 F.2d at 960-62.  Although we may, in exceptional circumstances, review in a mandamus petition a judge's refusal to disqualify himself, Ballentine has not made a showing of exceptional circumstances warranting a recusal challenge through mandamus because disagreements over the administration of the case may be adequately addressed on appeal, and Ballentine's reasons for asking for judicial reassignment appear to be general in nature, not personal.  *See* 28 U.S.C. § 455(a),

6                          Order of the Court                      26-11226

(b)(1); *id.* § 144; *Liteky*, 510 U.S. at 555; *Corrugated Container*, 614 F.2d at 960-62 & n.4; *Loranger*, 10 F.3d at 780.

Accordingly, Ballentine's mandamus petition is **DENIED**.